IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMALL CELL INNOVATIONS,<br>a Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a Verizon Wireless,<br>a Delaware partnership<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF SMALL CELL INNOVATIONS, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Small Cell Innovations, LLC ("SCI" or "Plaintiff") by and for its Complaint against Defendant Cellco Partnership doing business as Verizon Wireless ("Verizon Wireless" or "Defendant") hereby alleges as follows:

**NATURE OF THE CASE**

1. This is an action for patent infringement arising under the patent laws of the United States. SCI holds the rights in U.S. Patent No. 7,990,912 ("the '912 patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '912 Patent is entitled to a presumption of validity. SCI is suing Defendant for infringing its patent, and doing so willfully. SCI seeks to recover damages from Defendant, including treble damages for willful infringement.

**THE PARTIES**

2. Small Cell Innovations, LLC is a limited liability company, organized and existing under the laws of the State of Ohio, with its principal place of business located at 3558 Lee Road, Shaker Heights, Ohio 44120.

3. Upon information and belief, defendant Verizon Wireless, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Verizon Place, Alpharetta, Georgia 30004.  Verizon Wireless may be served with process through its agent, Corporation Trust Center, 1209 Orange St, Wilmington DE 19801.

**JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq*.  Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

5. The Court has personal jurisdiction over Defendant because Defendant, among other things, conducts business in, and avails itself of the laws of, the State of New York.  In addition, upon information and belief, Defendant through its own acts and/or through the acts of its affiliated companies (acting as their agents or alter egos) makes, uses, offers to sell, sells (directly or through intermediaries), imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District.  Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this District.

6. Upon information and belief, Defendant directly or through its subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets and, at all relevant time has made, used, offered for sale, sold, imported, advertised and made available and/or marketed products within the Southern District of New York, through their website: www.verizonwireless.com, thereby infringing the '912 patent.

## VENUE

7. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

8. Upon information and belief, Defendant resides in this District for the purposes of venue, insofar as it is subject to the personal jurisdiction in this District, has committed acts of direct and/or indirect infringement in this District, purposely solicits business in this District, and conducts other business in this District.

## INFRINGEMENT OF U.S. PATENT NO. 7,990,912

9. SCI incorporates by reference the allegations set forth in the preceding paragraphs.

10. On August 2, 2011, the '912 patent, entitled "VoIP Enabled Femtocell With a USB Transceiver Station," was duly and lawfully issued based upon an application filed by the inventors, John A. Nix, Jr., Andrew Kwong, and John Wakeman. A true and correct copy of the '912 Patent is attached hereto as Exhibit 1.

11. SCI is the assignee and the owner of all right, title and interest in and to the '912 patent, and has the right to sue and recover damages for the past and future infringement thereof.

**Direct Infringement**

12. Upon information and belief, Verizon Wireless has engaged in the design, manufacture, marketing and sale of one or more femtocell systems which infringe the '912 patent, including but not limited to the Verizon Network Extender product (SCS-2U01)( "Accused Products").

13. Upon information and belief, Verizon Wireless has been and continues to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Southern District of New York specifically. The Accused Products are available to be purchased at www.verizonwireless.com.

14. Upon information and belief, by acts including, but not limited to making, using, offering for sale, selling, importing, and/or marketing of products that fall within the scope of one or more claims of the '912 patent, including at least claim 1, Verizon Wireless, at a minimum, has directly infringed literally and/or upon information and belief, equivalently, and is continuing to infringe the '912 patent and is thus liable to SCI pursuant to 35 U.S.C. § 271(a).

15. Defendant's infringement of the '912 patent is without consent of, authority of, or license from SCI.

16. Upon information and belief, Defendant's infringement of the '912 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling SCI to its attorneys' fees and expenses.

17. Upon information and belief, Defendant actively and knowingly has infringed and are continues to infringe the '912 patent with prior knowledge of SCI's patent rights and without

reasonable basis for believing that Defendant's conduct is lawful.  Defendants have been on notice of SCI's patent rights at least as of the filing date of the complaint.

18. As a result of Defendant's acts of infringement, SCI has suffered and will continue to suffer damages in an amount to be proven at trial.

**Indirect Infringement - Inducement**

19. Based on the information presently available to SCI, absent discovery, Verizon Wireless has indirectly infringed and continues to infringe one or more claims of the '912 patent, including at least claim 1, by inducement under 35 U.S.C. 271(b).  Verizon Wireless has induced and continues to induce users of the accused products to directly infringe one or more claims of the '912 patent, including at least claim 1, by among other things, taking active steps to encourage and facilitate its customers to purchase and use the Accused Products.

20. Upon information and belief, Verizon Wireless knowingly induced customers to use its Accused Products, including, for example, by promoting the Accused Products online (e.g., www.verizonwireless.com) and/or providing customers with instructions and/or manuals for using the Accused Products.  Defendant's customers who purchase systems and components thereof and operate such systems and components in accordance with Defendant's instructions directly infringe one or more claims of the '912 patent in violation of 35 U.S.C. 271(b).

21. Upon information and belief, Defendant actively and knowingly has infringed and are continues to infringe the '912 patent with prior knowledge of SCI's patent rights and without reasonable basis for believing that Defendant's conduct is lawful.  Defendant has been on notice of SCI's patent rights at least as of the filing date of the complaint.  In accordance with Fed. R. Civ. P. 11(b)(3), SCI will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

22. Upon information and belief, since Defendant has been on notice of the '912 patent, Defendant has been knowingly inducing infringement of one or more claims of the '912 patent, and possessing specific intent to encourage others' infringement.

23. Defendant's infringement of the '912 patent is without consent of, authority of, or license from SCI.

24. Upon information and belief, Defendant's infringement of the '912 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling SCI to its attorneys' fees and expenses.

25. As a result of Defendant's acts of infringement, SCI has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, SCI requests this Court enter judgment as follows:

    A.    That the '912 patent is valid and enforceable;

    B.    That Defendant has directly and indirectly infringed one or more claims of the '912 patent, including at least claim 1;

    C.    That such infringement is willful;

    D.    That Defendant accounts for and pays to SCI all damages pursuant to 35 U.S.C. § 284 to adequately compensate SCI for Defendant's infringement of the '912 patent, but in no event less than a reasonable royalty;

    E.    That SCI receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

    F.    That this is an exceptional case under 35 U.S.C. § 285;

G. That Defendant pays SCI all of SCI's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

H. That SCI be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendant's infringement of the '912 patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

I. That costs be awarded in accordance with 35 U.S.C. § 284 to SCI; and

J. That SCI be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

SCI hereby demands a trial by jury on all issues so triable in this action.

Dated: October 23, 2015

KROUB, SILBERSHER & KOLMYKOV PLLC

By: /s/ *signature*
Sergey Kolmykov (SK7790)
skolmykov@kskiplaw.com
Gaston Kroub (GK6970)
gkroub@kskiplaw.com
Zachary Silbersher (ZS4391)
zsilbersher@kskiplaw.com

305 Broadway, 7th Floor
New York, NY 10007
Telephone No.: (212) 323-7442

*ATTORNEYS FOR PLAINTIFF SMALL CELL INNOVATIONS, LLC.*